Cite as 2015 Ark. App. 39

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV–14–321

| | | |
|---|---|---|
| | | Opinion Delivered   JANUARY 28, 2015 |
| GARY BEARD | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTH DIVISION [NO. 60CV-12-2482] |
| V. | | |
| | | HONORABLE WENDELL GRIFFEN, JUDGE |
| LAVERNE ARNOLD | APPELLEE | DISMISSED |

**DAVID M. GLOVER, Judge**

We must dismiss this appeal for lack of jurisdiction.  On November 16, 2001, Gary Beard entered into a contract for the sale of a house owned by Theodore Loftin (now deceased) and her daughter, Laverne Arnold, the appellee.  The agreed purchase price was $31,500, with split payments to be made in a designated fashion for certain periods of time; one payment was to last eight years and the other, which was to be forwarded by Arnold to the mortgagee, Regions Bank d/b/a Regions Mortgage,[1] was to last fifteen years.  The parties also executed a warranty deed at that time, of which Beard took possession but was not to file until completion of the terms of the real–estate contract.

---

[1]It is unclear to us why Regions Bank d/b/a Regions Mortgage is not named as a necessary party to this action, but because we have concluded that we are without jurisdiction to hear this appeal for lack of a final, appealable order, we do nothing more than note its absence from the case below.

Beard lived in the house for approximately six years and then began renting it to others. He subsequently recorded the deed he had obtained when the real-estate contract was executed because he wanted to sell the property. In 2012, Beard became aware of a federal tax lien on the property and stopped making payments. On May 22, 2012, Beard filed a complaint for injunctive relief to require Arnold to satisfy the tax lien and convey the property to him by warranty deed, or, in the alternative, for damages. Beard sought and obtained an extension of time for service of the complaint, which was eventually served by warning order filed December 17, 2012, pursuant to Rule 4(f) of the Arkansas Rules of Civil Procedure.

Kimberly Miller, Arnold's daughter (and Loftin's granddaughter), who is not an attorney, became aware of the complaint, and on January 17, 2013, filed an answer on behalf of Arnold, denying the allegations and seeking damages from Beard. On that same date, Miller also filed a "motion to dismiss" on behalf of Arnold, contending that she and Arnold lived in Jefferson County and that Beard was aware of where they lived because he had sent letters to them at that Jefferson County address. Attachments to the "motion" included envelopes from Beard addressed to Arnold at a Jefferson County Princeton Pike address, rental agreements with others executed by Beard, and correspondence with the bank.

On January 23, 2013, Beard filed a motion to strike the answer filed on behalf of Arnold by Miller (contending that it was not signed by Arnold and Miller was not an attorney), and in the alternative, an answer to counterclaim. On that same date, Beard also filed a motion to strike the motion to dismiss filed by Miller, and in the alternative, a

SLIP OPINION

response to motion to dismiss. By February 22, 2013, Arnold had obtained counsel and, through counsel, filed a response to Beard's motion to strike and a response to Beard's response to her answer and motion to dismiss.

In an order entered on August 30, 2013, the trial court denied both motions to dismiss, finding that jurisdiction and venue were proper and that Miller's signature on behalf of Arnold was legally sufficient because Miller had a "legally valid Power of Attorney giving Kimberly Miller the right to advance claims of and to defend claims against Defendant Laverne Arnold." Following a bench trial, the trial court entered judgment against Beard, finding that Arnold did not breach the contract but that Beard did by ceasing to make payments in April 2012, without legal justification or excuse. The trial court awarded damages and attorney's fees to Arnold. The status of the title to the property, however, was left unanswered. This appeal followed, with Beard contending that the trial court erred in: 1) denying Beard's motion to strike the answer and counterclaim because the person who signed was not an attorney, 2) awarding damages to Arnold because the liquidated-damages clause limited damages to sums previously collected, and 3) awarding attorney's fees to Arnold because she is not the prevailing party. We dismiss the appeal.

Count I of Beard's complaint sought the following relief, "[Arnold] should be required to satisfy the federal tax lien and to convey the real property in question to [Beard] by warranty deed, and providing clear and convincing evidence to [Beard] that they have marketable title to said real property." Arnold submitted proof that the tax lien had been satisfied, rendering Beard's first claim moot. However, Paragraph 7 of the December 13,

SLIP OPINION

2013 judgment from which Beard appeals, provides: "The Judgment of this Court does not and will not preclude or prejudice [Arnold] from enforcing any rights remaining at law as to the title of the property subject to this suit"; this leaves unsettled Beard's request that the property be conveyed to him by warranty deed, with clear and convincing evidence of marketable title.

Consequently, because this order does not adjudicate the issue of who has marketable title to the property, we have concluded that the December 13, 2013 judgment from which this appeal is taken is not final and appealable. We therefore dismiss the appeal because we are without jurisdiction to hear it.

Dismissed.

ABRAMSON and HARRISON, JJ., agree.

*Steven R. Davis*, for appellant.

*Camille Edmison-Wilhelmi*, for appellee.